IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **ROBERT KEITH HOUSTON**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**NORTHEAST GEORGIA HEALTH SYSTEM, INC.**, a Georgia registered corporation,<br><br>*Defendant.* | Case No.  2:23-CV-254-RWS<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Robert Keith Houston ("Plaintiff Houston" or "Houston") brings this Class Action Complaint and Demand for Jury Trial against Defendant Northeast Georgia Health System, Inc. ("Defendant" or "Northeast Georgia Health System") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Houston, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Robert Keith Houston is a resident of Chatsworth, Georgia.

2. Defendant Northeast Georgia Health System is a Georgia registered corporation headquartered in Gainesville, Georgia. Defendant Northeast Georgia Health System conducts business throughout this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227.

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters located in this state.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District. In addition, Plaintiff resides in this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States

likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.6 billion robocalls were placed in October 2023 alone, at a rate of 148.7 million per day. www.robocallindex.com (last visited November 19, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Northeast Georgia Health System is a community health system that provides hospital and health care services to consumers that reside in Northeast Georgia.[3]

15. Northeast Georgia Health System places debt collection calls to consumers throughout Georgia.

16. Consumers have captured and posted pre-recorded calls they received from Northeast Georgia Health System online, from the same phone number Defendant used to call Plaintiff, including:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/northeast-georgia-health-system/about/

**Typical Messages**

📞 Hello this is an urgent message from North East Georgia Health System Collections Department regarding your hospital or Physician Group account balance. We need to hear back from you and we are available Monday through Thursday 8:30 AM to 4:30 PM Eastern Standard Time or on Friday 10:00 AM to 4:30 PM Eastern Standard Time. We have a variety of options to assist you and would like to avoid any negative actions. Again this is North East Georgia Health System Collections Department and our callback number is 770-219-8420. Thank you.

📞 98420. We are available to assist you Monday through Friday 9:00 AM to 4:00 PM Eastern Standard Time. Again this is North East Georgia Payment Center and our callback number is 770-219-8420. Thank you.

📞 Call to your voicemail, press 1. To accept this call or hang up. To send this call to your voicemail. Press 1. To accept this call or hang up. To send this call to your voicemail. Press 1. To accept this call or hang up. To send this call to your voicemail. Press 1. To accept this call or hang up. To send this call to your voicemail. Press 1. To accept this call or hang up. To send this call to your voicemail. Press 1 to accept this call or.[4]

17. Defendant does not procure the appropriate consent before placing pre-recorded collection calls to consumers.

18. In response to these calls, Plaintiff Houston brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

### PLAINTIFF HOUSTON'S ALLEGATIONS

19. Plaintiff Houston is the sole owner and user of his cell phone number.

20. At the time Plaintiff received pre-recorded calls from Northeast Georgia Health System, his phone number ended in 0134.

---

[4] https://directory.youmail.com/directory/phone/7702195976

21. Throughout October and early November, 2023, Plaintiff Houston received unwanted pre-recorded calls from Northeast Georgia Health System to his cell phone.

22. The calls did not indicate the name of the person Northeast Georgia Health System was trying to reach.

23. When the calls began, Plaintiff Houston was connected to a live employee who identified the name Northeast Georgia Health System.

24. Plaintiff asked the employee why he was receiving pre-recorded debt collection calls despite having never stayed or used the services of Northeast Georgia Health System.

25. The employee confirmed that Plaintiff's name is not in the Northeast Georgia Health System computer database and she confirmed that Plaintiff should not be receiving the calls.

26. The employee confirmed that Plaintiff does not owe a debt to Northeast Georgia Health System.

27. The pre-recorded calls from Northeast Georgia Health System continued to be placed to Plaintiff's cell phone number.

28. Plaintiff spoke to 3 additional employees, complaining about the unwanted pre-recorded calls he was receiving.

29. In fact, Plaintiff asked an employee why Northeast Georgia Health System was still calling him and was told, "I don't know what to tell you."

30. When Plaintiff told this employee what number he was receiving calls from, the employee confirmed that the calls were from the Northeast Georgia Health System automated service.

31. In total, Plaintiff received at least 200 unwanted pre-recorded calls from Northeast Georgia Health System through October 2023 and into November 2023.

32. Included among the unwanted pre-recorded calls that Plaintiff received to his cell phone are:

- October 9, 2023 from 770-219-5976 at 9:51 AM and 10:15 AM;

- October 11, 2023 from 770-219-5976 at 11:22 AM, 11:48 AM and 1:17 PM;

- October 16, 2023 from 770-219-5976 at 10:43 AM, 11:19 AM, 1:56 PM, 2:43 PM and 3:18 PM;

- October 17, 2023 from 770-219-5976 at 9:03 AM, 10:12 AM, 11:14 AM, 2:36 PM; and

- October 18, 2023 from PRIVATE NUMBER at 9:01 AM, 9:58 AM, 11:17 AM, 1:03 PM, 1:49 PM, 2:46 PM and 3:51 PM.

33. 770-219-5976 is owned/operated by Northeast Georgia Health System.

34. Plaintiff never provided consent for Defendant Northeast Georgia Health System to place pre-recorded calls to his cell phone number.

35. The unauthorized telephone calls that Plaintiff received from or on behalf of Defendant has harmed Plaintiff Houston in the form of annoyance, nuisance, and invasion of privacy, occupied his phone memory, and disturbed the use and enjoyment of his phone.

36. In fact, Plaintiff Houston was so frustrated because of the unwanted pre-recorded calls that he received from the Defendant, he incurred a financial cost and had his phone number changed.

37. Seeking redress for these injuries, Plaintiff Houston, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

38. Plaintiff Houston brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons and entities throughout the United States (1) to whom Defendant placed a call in connection with a medical debt, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with a medical debt or their authorized representative, (3) with an artificial or prerecorded voice, (4) from four years prior to the filing of this action through the date of class certification.

39. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2)

Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Houston anticipates the need to amend the Class definition following appropriate discovery.

40. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

   (b) whether the calls constitute a violation of the TCPA;

(c)   whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

42.  **Adequate Representation**: Plaintiff Houston will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Houston has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Houston and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Houston nor his counsel have any interest adverse to the Class.

43.  **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Houston. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation

necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Houston and the Pre-recorded No Consent Class)**

44. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

45. Defendant transmitted unwanted telephone calls to Plaintiff Houston and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

46. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

47. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Houston requests a jury trial.

**ROBERT KEITH HOUSTON**,

individually and on behalf of all others similarly situated,

DATED this 23rd day of November, 2023.

By: /s/ *Tristan W. Gillespie*
Tristan W. Gillespie, Esq.
600 Blankenham Court
Johns Creek, GA 30022
Telephone: (404) 276-7277
Email: Gillespie.tristan@gmail.com

Avi R. Kaufman

        kaufman@kaufmanpa.com
        **KAUFMAN P.A.**
        237 South Dixie Highway, Floor 4
        Coral Gables, FL 33133
        Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*